# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:11CR72 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| vs. ) | AND ORDER |
| ) | |
| BERNARDO RODRIGUEZ-FAVALA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 59) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 45) filed by the Defendant, Bernardo Rodriguez-Favala, be denied. Rodriguez-Favala filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 73, 74) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The government responded (Filing No. 76).

Rodriguez-Favala is charged in a one-count Indictment with conspiracy to distribute and possess with intent to distribute methamphetamine. He seeks to suppress his post-arrest statement made on March 7, 2011.

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law. He found that Agents Reisz, Stewart and Anton were credible witnesses, although the testimony of Agents Stewart and Anton was of limited value, and he concluded that the government proved by a preponderance of the evidence that the Defendant freely, voluntarily, and intelligently waived his *Miranda* rights. Judge Gossett therefore recommended that the motion to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Gossett provided an account of the events surrounding the Defendant's interview. The Court has considered the transcript of the hearing conducted by Judge Gossett and carefully viewed the evidence. There are no objections to Judge Gossett's factual findings, and based on a de novo review of the record the Court adopts those findings.

Briefly, after Defendant's arrest he was interviewed in Spanish by Homeland Security Agent Reisz, who characterized his Spanish language ability as "proficient." During the interview Agent Stewart, who speaks no Spanish but understands a little Spanish, was present. Agent Reisz did not read the *Miranda* form to Defendant. Rather, he asked the Defendant whether he could read Spanish, and Defendant responded "yes." Defendant appeared to read the form. His eyes moved, and he followed instructions given him to initial each "right." Defendant was told he could ask questions about the form, and he asked none. Defendant signed the form. Agent Stewart left when Agent Anton, who is fluent in Spanish, arrived. Agent Anton did not review the administration of *Miranda* rights because he saw a completed waiver form. Agent Anton reviewed the substantive portion of the interview with the Defendant and Agent Reisz.

**ANALYSIS**

Defendant objects to Judge Gossett's credibility findings with respect to all three agents and his conclusion that the government met its burden in proving a voluntary, knowing, and intelligent *Miranda* waiver.

**Credibility**

A "determination of witness credibility is 'virtually unassailable on appeal.'" *United States v. Freeman,* 625 F.3d 1049, 1052 (8th Cir. 2001) (quoting *United States v. Guel–Contreras,* 468 F.3d 517, 521 (8th Cir.2006)).

Defendant argues that discrepancies between the testimony of Agent Reisz and Agent Stewart cast doubt on Agent Reisz's credibility. The Court is not persuaded that the agents' testimony presents any discrepancies. The example cited by Defendant shows that both agents testified that Agent Stewart understands very little Spanish. (Filing No. 74, at 7.) Certainly, Judge Gossett had the better opportunity to judge the agents' credibility as he saw and heard them testify. A review of the record supports his reasoning: Agent Anton was not in the room during the administration of *Miranda* rights; and although Agent Stewart was present during the critical time, his Spanish is very limited.

**Waiver**

A suspect both in custody and under interrogation is afforded the protection of the rights set forth in *Miranda v. Arizona,* 384 U.S. 436 (1966). A subject is deemed in custody, requiring compliance with *Miranda* when the suspect is formally arrested and not free to leave a location or when "a reasonable person in the suspect's position would have

considered his freedom restrained in a degree that is usually associated with a formal arrest." *United States v. Caldwell,* 954 F.2d 496, 499 (8th Cir. 1992).

Custodial interrogations, by nature, generate "compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." *Miranda*, 384 U.S. at 467. To combat this natural pressure, *Miranda* demands that persons in custodial interrogation be advised of their right to remain silent and to have counsel present. *Id.* at 468-70. Although a defendant may waive these rights, the government is held to a high level of proof that a waiver has been effectuated. Specifically, the government must prove that, taking into account the background, experience, and conduct of the defendant, the waiver was "the product of a free and deliberate choice rather than intimidation, coercion, or deception" and was made with "a full awareness of both the nature of the right being abandoned and the consequences surrounding the interrogation." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). The test has been explained by the Eighth Circuit as whether a defendant's "will was overborne and his capacity for self-determination critically impaired." *United States v. Kilgore,* 58 F.3d 350, 353 (8th Cir. 1995). In deciding voluntariness, courts are required to view the totality of the circumstances and consider both the conduct of law enforcement officers and the suspect's capacity to resist pressure. *Id.*

18 U.S.C. § 3501(a) provides that a confession is admissible in evidence only if it was voluntarily given. Section 3501(b) provides:

> The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including: (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment; (2) whether such defendant knew the nature of the offense with

> which he was charged or of which he was suspected at the time of making the confession; (3) whether or not such defendant was advised or knew that he was not required to make any statement and that such statement can be used against him; (4) whether or not such defendant had been advised prior to questioning of his right to assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

18 U.S.C. § 3501(b).

In determining whether a confession is voluntary, the Court should consider all circumstances, including the factors specifically listed in 18 U.S.C. § 3501(b). *United States v. Vanover,* 630 F.3d 1108, 1115 (8th Cir.2011) In viewing the totality of the circumstances, the Court must consider both the conduct of law enforcement officers and the suspect's capacity to resist pressure. *Rhode Island v. Innis,* 446 U.S. 291, 301 (1980)*; Kilgore,* 58 F.3d at 353. The totality of the circumstances is determined by the "characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte,* 412 U.S. 218, 226 (1973).

Certainly, this case would have been simplified if Agent Reisz had read the *Miranda* form to the Defendant. Apparently, he had the ability to do so. It also would have been simplified if Agent Anton had read the form to the Defendant, which he could have done without difficulty. The Court is troubled by those facts as well as Agent Reisz's instruction that Defendant sign the portion of the form stating that the rights had been read to him when this was not the case. However, the evidence shows that the Defendant said he could read Spanish; he appeared to read each warning as his eyes moved and then he stopped and initialed each advisory of a right before continuing to the next advisory. He followed directions; he was told he could ask questions; and he asked none.

Most important, despite the difficulties presented in this case, no evidence exists in the record showing that the Defendant did not execute a knowing, voluntary, and intelligent waiver. The Defendant makes this argument, but he chose not testify or present any evidence at the hearing. Therefore, the Court must conclude based on the record presented that the government has met its burden and the Defendant knowingly, voluntarily, and intelligently waived his *Miranda* rights.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 59) is adopted in its entirety;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 73) are overruled; and

3. The Defendant's motion to suppress (Filing No. 45) is denied.

DATED this 14th day of July, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge